UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

------------------------------------------------------------------X

DANIEL SIMPSON,

                Plaintiff,

        -against-

PAM TRANSPORT CORP.; and MARIO MENESES-RUIZ,

                Defendants.

------------------------------------------------------------------X

Docket no. 16-cv-510

**COMPLAINT**

Jury trial demanded

Plaintiff, complaining of the defendants, by his attorneys, alleges for his complaint, upon information and belief, as follows:

## THE PARTIES

1. At all times relevant to this complaint, the plaintiff, DANIEL SIMPSON ("SIMPSON"), is a natural person, resident of the State of Pennsylvania.

2. Upon information and belief, at all times relevant to this complaint, the defendant PAM TRANSPORT CORP. ("OWNER") is a corporation organized and existing pursuant to the laws of the State of Texas, with its principal office located in El Paso, Texas.

3. Upon information and belief, at all times relevant to this complaint, the defendant MARIO MENESES-RUIZ ("DRIVER") is a natural person who is a citizen and resident of Juarez, Chihuahua, Mexico.

4.   At all times relevant to this complaint, plaintiff SIMPSON owned and operated a motor cycle bearing Pennsylvania license plate 4700J ("VEHICLE 1").

5.   Upon information and belief, at all times relevant to this complaint, the defendant OWNER owned a truck, consisting of a tractor bearing Texas license plate R232662 and a trailer bearing Texas license plate number 070B853 ("VEHICLE 2").

6.   At all times relevant to this complaint, the defendant DRIVER was the operator of VEHICLE 2.

## JURISDICTION

7.   This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy exceeds $75,000.

## THE UNDERLYING FACTS

8.   For purposes of this complaint, the term "ACCIDENT TIME" shall mean May 11, 2016 at approximately 5:08 p.m.

9.   For purposes of this complaint, the term "ACCIDENT LOCATION" shall mean the westbound side of Pennsylvania Route 84 in Pike County, Milford Township, Pennsylvania, at approximately 41°20'44.84" N X 74°47'32.254" W.

10.  Upon information and belief, at all times relevant to this complaint the ACCIDENT LOCATION is a public roadway in the State of Pennsylvania.

11.  Upon information and belief, at or about the ACCIDENT TIME, the defendant DRIVER was operating VEHICLE 2 at the ACCIDENT LOCATION.

12. Upon information and belief, at the ACCIDENT TIME and at the ACCIDENT LOCATION, the defendant DRIVER caused VEHICLE 2 to strike VEHICLE 1, causing plaintiff SIMPSON to become seriously and permanently injured.

13. As a result of the collision described above, the plaintiff was caused to suffer severe and permanent personal injuries including: below knee amputation, right leg; ankle fracture, left leg; fractured vertebrae; injury to neck, back, and legs; injury to spine; herniated and/or bulging discs; plaintiff was rendered sick, sore, lame and disabled; future pain and disability is anticipated; flashbacks; post-traumatic anxiety; radiating pain; plaintiff was required to receive medical care and attention and upon information and belief will require additional medical care and attention in the future; plaintiff was required to undergo diagnostic testing including x-ray and/or MRI and/or CT scan; plaintiff was required to undergo physical therapy and/or will require additional therapy in the future; plaintiff has been required to take medication and upon information and belief may be required to take such medication in the future; plaintiff's ability to pursue usual duties and vocation has been impaired; plaintiff has become substantially disabled; plaintiff has suffered severe mental anguish and distress; osteoarthritic changes are anticipated; extreme pain and suffering; and plaintiff has been otherwise damaged; upon information and belief, the cost to the plaintiff of life insurance and/or disability insurance has been substantially increased; all of these injuries are permanent in nature and continuing into the future.

**AS AND FOR A FIRST CLAIM FOR RELIEF**

14. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

15. At all times mentioned herein, plaintiff was caused to suffer severe and permanent personal injures due to the recklessness, carelessness, and negligence, of the defendants, such injuries being set forth in detail above.

16. Among other things, the defendant DRIVER was reckless, careless and negligent in, upon information and belief: causing VEHICLE 2 to strike VEHICLE 1; failing to stay in lane; changing lanes without warning; cutting off the plaintiff; failing to slow down sufficiently as necessary for safe operation of vehicle; failing to drive with due regard for the safety of all persons; recklessly disregarding the safety of others; failing to yield; driving too fast; striking another vehicle; driving while distracted or paying attention to something else, such as a radio or cell phone; driving too aggressively; failing to maintain control; colliding with another vehicle; failing to use due caution; failing to see what should be seen; failing to comport his driving to the prevailing traffic conditions; failing to maintain a proper lookout; failing to yield the right of way; failing to obey the traffic signs and traffic control devices; violating applicable laws, rules and regulations; failing to make proper use of mirrors, horns, brakes and other safety devices; and the defendant DRIVER was otherwise reckless, careless and negligent.

17. As a result of the defendants' recklessness, carelessness and negligence, the plaintiff was caused to suffer severe and permanent personal injuries, such injuries being set forth above in greater detail.

18. The plaintiff has suffered serious injuries as defined by the No Fault Insurance Law of the State of Pennsylvania.

19. The plaintiff is not seeking in this cause of action to recover any moneys which are or should be paid through no fault insurance.

20. If any plaintiff executes a release in this action, such plaintiff does not intend to release any claims by any insurance carrier for any moneys paid for no-fault benefits or any claims for subrogation or any claims other than the plaintiff's own claims for pain and suffering and the amount of special damages exceeding those paid under no fault.

21. The defendant OWNER is vicariously liable to the plaintiff for the actions of the defendant DRIVER under the law of both Pennsylvania, where the accident occurred, and Texas, where the defendant OWNER is located.

22. By reason of the foregoing, the plaintiff is entitled to recover the full extent of his damages, in an amount to be determined by the jury at trial.

## JURY TRIAL DEMANDED

23. Plaintiff demands a trial by jury of all issues triable to a jury.

**WHEREFORE**, the plaintiff demands judgment against the defendants in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated:   December 15, 2016

Yours,

THE HARBOUR LAW FIRM, P.C.
*Local counsel for the plaintiff*

by:   /s/ *Cori A. Harbour-Valdez*
    Cori A. Harbour-Valdez, Esq.
    Texas Bar # 24004685

1522 Montana Avenue, 3rd floor
El Paso, Texas 79902
Tel: 915-544-7600
Fax: 915-975-8036
charbour@harbourlaw.net

-and-

>THE BERKMAN LAW OFFICE, LLC
>*Attorneys for the plaintiff*
>Robert J. Tolchin, Esq.
>   rtolchin@berkmanlaw.com
>Norman Steiner, Esq.
>   nsteiner@steinerlaw.com
>111 Livingston Street, Suite 1928
>Brooklyn, New York 11201
>(718) 855-3627